## Hoffman v. Hoffman

*George J. Joseph,* for plaintiff.

SCHEIRER, J., August 11, 1964—From an examination of the record papers in this divorce action, we note that defendant was served with copies of the complaint and of the master's notice at the Lehigh County Prison. The master observes in his report that following the hearing he visited defendant in prison to determine whether he desired to offer testimony. Defendant informed the master that he did not so desire. The master acted commendably to protect defendant's interest and as well to safeguard the validity of the decree. However, we strongly feel that a party in prison is entitled to appropriate notice before the hearing for if he wishes to appear a writ of habeas corpus ad testificandum must be issued. Should he be questioned after the hearing and then signifies his intention to present testimony, he will have lost the opportunity to hear and observe plaintiff's witnesses.

This court in at least two opinions, Marushak v. Marushak, 27 D. & C. 2d 199, and Rutman v. Rutman, January term, 1964, no. 81, has expressed its concern that a prisoner is entitled to know his right to appear at a hearing. In both opinions, the following excerpt from Davidson v. Davidson, 1 D. & C. 2d 71, was quoted. ". . . notice of which hearing must not only be given to defendant but, at the same time, he must be advised that in the event he desires to appear, proper steps will be taken so that he may appear and defend the action, if he so desires."

In view of the service of the notice of the filing of the master's report upon defendant after his release from prison, and it further appearing that he has not filed exceptions, we shall not cause further notice to be given him. But we do take this means of directing masters to adequately and properly notify defendants in prison as to their right to appear at a hearing. This is clearly the master's function and duty and it is no excuse to say that it is not likely or customary to see the record papers revealing the confinement of defendant until the day of hearing. This is especially so in the light of frequently overlooked section (b) of local rule 1133 pertaining to the preliminary duties of the master.

"(1) Immediately after his appointment, the master shall ascertain the sufficiency and regularity of the proceeding and determine whether the Court has jurisdiction. If the proceeding is in any way defective, he shall notify the attorneys and suspend further action for a period of ten (10) days. If the defects are not cured within the allotted time, the master shall so report to the court.

"(2) If the master is satisfied that the proceeding is in proper form, he shall proceed to the hearing."

It is to the advantage as well of plaintiff's attorney to advise the master upon his appointment of defendant's confinement and the necessity for advising him as to his right to appear at the hearing.

Having carefully read and considered the notes of testimony and the master's report in the above entitled action in divorce, the court accepts the findings of fact, the conclusions of law and the recommendation in said report contained and finds that a decree in divorce should be granted.

Now, August 11, 1964, a decree of divorce a vinculo matrimonii is hereby granted.